IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SALVADOR MENDOZA, | ) | No.  C 10-04415 JW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; DIRECTING |
| | ) | DEFENDANTS TO FILE DISPOSITIVE |
| vs. | ) | MOTION OR NOTICE REGARDING |
| | ) | MOTION OR NOTICE REGARDING |
| | ) | SUCH MOTION; INSTRUCTIONS TO |
| PAULA CRINKLAW, | ) | CLERK |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, an inmate at the Pelican Bay State Prison ("PBSP") in Crescent City, California, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement.  Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.  The Court will conduct its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

1  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief

2  may be granted, or seek monetary relief from a defendant who is immune from such

3  relief.  Id. at 1915A(b)(1),(2).

4         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person

5  acting under the color of state law committed a violation of a right secured by the

6  Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  Pro se

7  pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

8  699 (9th Cir. 1990).

9  B.     Plaintiff's Claim

10        Plaintiff claims that defendant Nurse Paula Crinklaw caused damage to his left

11 third finger which later required surgical treatment.  (Compl. at 3-g.)  Plaintiff claims

12 defendant Michael C. Sayers is liable for failing to properly train defendant Crinklaw.

13 Plaintiff claims that these defendants are liable for deliberate indifference to serious

14 medical needs under the Eighth Amendment.  Liberally construed, plaintiff's claim

15 against defendant Crinklaw is cognizable under § 1983.

16        With respect to the claim against defendant Sayers, a supervisor may be liable

17 under section 1983 upon a showing of (1) personal involvement in the constitutional

18 deprivation or (2) a sufficient causal connection between the supervisor's wrongful

19 conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d

20 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally

21 "is only liable for constitutional violations of his subordinates if the supervisor

22 participated in or directed the violations, or knew of the violations and failed to act to

23 prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff has failed to

24 show that defendant Sayers is liable as a supervisor because he either participated in

25 defendant Crinklaw's action or that he knew but failed to act to prevent her mistreatment.

26 Accordingly, this claim against defendant Sayers is DISMISSED.

27 ///

28 ///

1

**CONCLUSION**

2      For the foregoing reasons, the Court orders as follows:

3      1.      The clerk of the Court shall issue summons and the United States

4  Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments

5  thereto, and a copy of this order upon **defendant Nurse Paula Crinklaw** at **Pelican Bay**

6  **State Prison**, (P.O. Box 7000, Crescent City, CA 95531-7000).

7      The claim against defendant Michael C. Sayers is DISMISSED. The Clerk shall

8  terminate defendant Sayers from this action.

9      2.      No later than **sixty (60) days** from the date of this order, defendants shall

10  file a motion for summary judgment or other dispositive motion with respect to the claims

11  in the amended complaint found to be cognizable above.

12          a.      If defendants elect to file a motion to dismiss on the grounds plaintiff

13  failed to exhaust his available administrative remedies as required by 42 U.S.C.

14  § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to

15  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied</u> <u>Alameida v.</u>

16  <u>Terhune</u>, 540 U.S. 810 (2003).

17          b.      Any motion for summary judgment shall be supported by adequate

18  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

19  Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted,</u>**

20  **<u>nor qualified immunity found, if material facts are in dispute.  If any defendant is of</u>**

21  **<u>the opinion that this case cannot be resolved by summary judgment, he shall so</u>**

22  **<u>inform the Court prior to the date the summary judgment motion is due.</u>**

23      3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

24  and served on defendants no later than **thirty (30) days** from the date defendants' motion

25  is filed.

26          a.      In the event the defendants file an unenumerated motion to dismiss

27

28

under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.      In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1 evidence showing triable issues of material fact on every essential element of his claim).

2 Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary

3 judgment may be deemed to be a consent by plaintiff to the granting of the motion, and

4 granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52,

5 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6      4.     Defendants shall file a reply brief no later than **fifteen (15) days** after

7 plaintiff's opposition is filed.

8      5.     The motion shall be deemed submitted as of the date the reply brief is due.

9 No hearing will be held on the motion unless the Court so orders at a later date.

10      6.     All communications by the plaintiff with the Court must be served on

11 defendants, or defendants' counsel once counsel has been designated, by mailing a true

12 copy of the document to defendants or defendants' counsel.

13      7.     Discovery may be taken in accordance with the Federal Rules of Civil

14 Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

15 Local Rule 16-1 is required before the parties may conduct discovery.

16      8.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

17 court informed of any change of address and must comply with the court's orders in a

18 timely fashion.  Failure to do so may result in the dismissal of this action for failure to

19 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

20      9.     Extensions of time must be filed no later than the deadline sought to be

21 extended and must be accompanied by a showing of good cause.

22

23 DATED:    February 7, 2011

24                              JAMES WARE

                             United States District Chief Judge

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SALVADOR MENDOZA,

                Plaintiff,

   v.

PAULA CRINKLAW,

                Defendant.

_____/

Case Number: CV10-04415 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/7/2011_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Salvador Mendoza J-84814
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95531

Dated: _____2/7/2011_____

                                     Richard W. Wieking, Clerk
                          /s/  By: Elizabeth Garcia, Deputy Clerk